UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FRANKLIN CRAIG and GERRI CRAIG,
husband and wife; JEROME JANUSZ and
SHARON JANUSZ, husband and wife; and
PATRICE JARDANOWSKI, a single person,

        Plaintiffs,

-vs-                                Case No. 15-C-294

PORTLAND ORTHOPAEDICS LIMITED,
PORTLAND ORTHOPAEDICS Inc.,
SYMMETRY MEDICAL, Inc., d/b/a
SYMMETRY MEDICAL OTHY, SYMMETRY
OTHY, OTHY; MIPRO US, Inc., MAXX HEALTH, Inc.;
MAXX ORTHOPEDICS, Inc., PLUS ORTHOPEDICS;
SMITH & NEPHEW, Inc.;
and JOHN DOE CORPORATIONS 1-50,

        Defendant.

## DECISION AND ORDER

Jerome Janusz, Franklin Craig, and Patrice Jardanowski all underwent hip replacements with the M-Cor Modular Hip System that failed within three to four years of their respective surgeries. In all instances, the M-Cor femoral neck fractured and broke into two pieces, requiring a complete and total hip revision. Janusz, Craig,[1] and Jardanowski jointly sued a series of entities that either designed,

---

[1] The spouses of Janusz and Craig also joined this lawsuit, but their claims are derivative and therefore unimportant to the Court's analysis.

manufactured, sold, and/or distributed the M-Cor, alleging negligence and strict liability. One of those defendants – Symmetry Medical, Inc. – moves to sever the plaintiffs' claims into separate civil actions. For the reasons that follow, this motion is denied.

Permissive joinder is governed by Rule 20 of the Federal Rules of Civil Procedure, which provides that persons may join in one action as plaintiffs if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and if "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(A), (B). The standard for permissive joinder is liberal. *Eclipse Mfg. C. v. M & M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 744 (N.D. Ill 2007). "Although there are few cases within the Seventh Circuit articulating a precise standard, 'language in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court.'" *Id.* (quoting 7 Wright & Miller, Fed. Practice & Procedure § 1653 (3d ed. 2001)).

All three of the plaintiffs suffered the same injury, by the same product, that failed in the same way. Moreover, the defendants are elderly and were leading sedentary lives at the time of their respective injuries; the same doctor installed the M-Cor in Janusz and Craig; and the doctor who installed Jardanowski's hip followed similar surgical procedures. Accordingly, there is significant factual overlap between and among the plaintiffs' claims. Indeed, the plaintiffs indicate that they will call the same expert and the same witnesses to prove that the M-Cor hips were defective. Thus, there are common legal questions, common factual questions, and the plaintiffs' claims all arise out of the same transaction or occurrence. If necessary, the Court can exercise its discretion at a later date to order separate trials on particular issues. *See* Fed. R. Civ. P. 42(b).

Symmetry's motion to sever [ECF No. 25] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of September, 2015.

**SO ORDERED:**

_Rudolph T. Randa_
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**