# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

FRANKLIN CRAIG, et al.,

                    **Plaintiffs,**

        **v.**                                       **Case No. 15-CV-294**

MAXX ORTHOPEDICS, INC., et al.,

                    **Defendants.**

## ORDER

The plaintiffs filed the present action on March 16, 2015. It was initially assigned to the Honorable Rudolph T. Randa. The matter was reassigned to this court on September 2, 2016, after Judge Randa became unavailable due to illness and the parties consented to have a magistrate judge preside over their case. The court subsequently granted the plaintiffs' motion to file a third amended complaint. (ECF No. 68.) One defendant, Maxx Orthopedics Inc., then filed a motion for judgment on the pleadings.

Before the court can consider that motion, it must assess its jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Federal court jurisdiction in this case is based upon the alleged diversity of the parties under 28 U.S.C. § 1332. (ECF No. 68, ¶ 1.) The plaintiffs allege that they "are all citizens of Wisconsin. The Defendants are

all corporations incorporated in States other than Wisconsin, with their principal places of business in States other than Wisconsin." (ECF No. 68, ¶ 1.) Later in the complaint the plaintiffs identify their respective counties of residence. (ECF No. 68, ¶¶ 5-7.)

It is well-established that for diversity purposes it is citizenship, not residence, that matters. *Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905). "Citizenship depends … on domicile, which means the place where a person intends to live in the long run." *TRP LLC v. Orix Real Estate Capital, Inc.*, 827 F.3d 689, 692 (7th Cir. 2016). Although residence or physical presence in a state is one component of domicile, citizenship also requires the intent to remain in the state. *See Midwest Transit, Inc. v. Hicks*, 79 Fed. Appx. 205, 208 (7th Cir. 2003) (citing *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996)). A person might have multiple residences but may have only a single domicile. *Murray v. Miss. Farm Bureau Cas. Co.*, 2008 U.S. Dist. LEXIS 6083, 3-4 (W.D. Wis. Jan. 28, 2008).

Notwithstanding the plaintiffs' focus upon residence rather than domicile, the court accepts for present purposes the plaintiffs conclusory allegations that they are all citizens of Wisconsin. However, in their third amended complaint the plaintiffs added three involuntary plaintiffs: Medicare, United Health Care, and Humana, Inc. (ECF No. 68.) Each involuntary plaintiff is an insurer who may have a claim by virtue of having been a medical insurance provider for one or more of the plaintiffs. (ECF No. 68, ¶¶ 8-10.) The involuntary plaintiffs do not appear to be nominal parties, and therefore the

court must consider their citizenship to determine whether complete diversity exists. *Estate of Pickard v. Wis. Cent., Ltd.*, 300 F. Supp. 2d 776, 778-79 (W.D. Wis. 2002).

The complaint does not explicitly identify the citizenship of the involuntary plaintiffs. The first paragraph of the complaint addresses only the plaintiffs and the defendants; it is silent as to the citizenship of the involuntary plaintiffs. (ECF No. 68, ¶ 1.) Later in the complaint the plaintiffs allege that each involuntary plaintiff is an "insurance plan organized and existing under and by virtue of the laws of the State of Wisconsin." (ECF No. 68, ¶¶ 8-10.) However, that allegation does not address the citizenship of each of the involuntary plaintiffs for diversity purposes. For example, a corporation is deemed to be a citizen of the state in which it is incorporated and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). The citizenship of other corporate forms are determined through other means.

Moreover, the court notes an inconsistency as to the identity of involuntary plaintiff Humana, Inc. Although the caption of the Third Amended Complaint identifies the involuntary plaintiff as "Humana, Inc.," no such involuntary plaintiff is identified in the Third Amended Complaint itself. Instead, paragraph 9 refers to the relevant party as "Humana Preferred."

In light of the court's duty to ensure that it possesses jurisdiction over the matters it is asked to adjudicate, the court finds that the plaintiffs must provide verification of the diversity of citizenship between the all of the plaintiffs, including the involuntary

plaintiffs, and all of the defendants. *See Murray v. Miss. Farm Bureau Cas. Co.*, 2008 U.S. Dist. LEXIS 6083 (W.D. Wis. Jan. 28, 2008). Such verification must be submitted no later than **January 13, 2017.** Failure to provide such verification will result in this matter being dismissed for lack of jurisdiction.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 29th day of December, 2016.

WILLIAM E. DUFFIN
U.S. Magistrate Judge